# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHEIK WILLIAM SALAAM HALL EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     1:24CV546 |
| | ) |
| JASMINE HALL-EL, et al., | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner submitted a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Rule 4(b) of the Rules Governing Section 2254 Proceedings states in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Rules Governing Section 2254 actions also govern other habeas actions, including those under § 2241. Rule 1(b), Rules Governing Section 2254 Proceedings.

Here, Petitioner seeks the vacatur of a child support order currently being enforced against him, asserting it violates his Fifth and Fourteenth Amendment rights to the United States Constitution. (Docket Entry 1 at 8.) He also seeks a declaration that the ensuing garnishment of his wages, the suspension of his driver's license, and a related negative credit report rating violated his procedural and substantive due process and equal protection rights. (*Id.* At 8-9.) Petitioner also seeks a permanent injunction prohibiting Respondents from any further enforcement actions, as well as the restoration of his garnished funds, the

reinstatement of his driver's license, and a correction to his credit report. (*Id.*) Beyond this, Petitioner seeks compensatory damages, punitive damages, and his costs and fees related to this proceeding. (*Id.* at 9.)

It is clear to the Court that this petition should be dismissed. A petitioner is entitled to federal habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). "The term 'in custody' in 28 U.S.C. § 2241(c) has been interpreted as a jurisdictional requirement that either grants or divests a federal court of its authority to grant habeas relief." *Ortiz v. Mayorkas*, No. 20-7028, 2022 WL 595147, at *2 (4th Cir. Feb. 28, 2022) (collecting cases). Here, Petitioner does not adequately allege that he is now, or ever was, "in custody" as required by § 2241.[1] Specifically, Petitioner does not assert that he was on probation or incarcerated pursuant to the challenged child support order. Obligating a Petitioner to make child support payments does not make him "in custody."[2]

Likewise, because Petitioner is not "in custody" pursuant to a writ of garnishment, he cannot seek to invalidate it through a federal habeas petition. A monetary penalty or fine (or,

---

[1] Petitioner asserts that he suffers "significant restraints on his personal liberty[ ] akin to custody." (Docket Entry 1 at 4.) However, as explained herein, the restraints he asserts do not meet the in custody requirement.

[2] *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (finding that a "civil judgment requiring [plaintiff] to pay child support does not . . . constitute 'custody' " for purposes of habeas relief); *Galbo v. Tirri*, 972 F. Supp. 292, 293-94 (D.N.J. 1997) (holding that petitioner's obligation to "make the child support payments through the Probation Department does not impose a restraint on his liberty so pervasive as to fulfill the 'custody' requirement of 28 U.S.C. § 2254(a)"); *Anderson v. Worden*, 744 F. Supp. 1042, 1044 (D. Kan. 1990) ("Petitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to those resulting from a conviction, and does not require intervention by this court by way of habeas corpus relief.").

for that matter, their subsequent impact on a credit report) is not the same as being "in custody." *See*, *e.g.*, *Danzer v. Meyer*, No. 3:20-CV-06130-BJR-JRC, 2021 WL 827771, at *3 (W.D. Wash. Feb. 8, 2021) (collecting cases). Nor is the suspension of driving privileges a severe enough restraint on a petitioner's liberty to satisfy the "in custody" requirement of the habeas corpus statute. *See*, *e.g.*, *Ponce v. Texas*, No. A-10-CA-940-LY, 2010 WL 5173878, at *1 (W.D. Tex. Dec. 14, 2010) (collecting cases). Given that all these requests for relief are non-cognizable in a federal habeas proceeding, injunctive relief is also improper. *See Chilcott v. City of Erie*, No. CIV.A. 12-4, 2012 WL 1390298, at *2 (W.D. Pa. Apr. 20, 2012). Finally, "money damages are not available in a habeas corpus action" and so Petitioner's request for damages must be dismissed as well. *See id.* (collecting cases).[3]

In sum, because Petitioner is not "in custody" this Court lacks subject matter jurisdiction over the petition. A federal habeas petition is not the proper vehicle to challenge his state court child custody order or its enforcement and so this matter should be dismissed. *See supra* n.2; *see also Martin v. Morrison*, No. 1:17-CV-715, 2018 WL 1203488, at *1 (S.D. Ohio Jan. 3, 2018) (summarily dismissing habeas corpus petition for lack of jurisdiction where the petitioner challenged an order regarding his obligation to make child support payments); *Redford v. Conley*, No. 1:16-CV-4106-WSD, 2017 WL 1505891, at *2 (N.D. Ga. Apr. 27, 2017) ("Because Petitioner is not in custody based upon the state-court child support order he seeks to challenge, Section 2241 is not the appropriate vehicle for the relief Petitioner seeks.").

---

[3] Petitioner also asserts that he filed a FOIA request in state court that has gone unanswered and that this has stymied his ability to bring his claims. (Docket Entry 1 at 5-7.) Even assuming this is true, it has nothing to do with whether Petitioner is in custody for purposes of filing a federal habeas petition. It is therefore immaterial to this analysis.

3

**IT IS THEREFORE RECOMMENDED** that the petition (Docket Entry 1) filed pursuant to 28 U.S.C. § 2241 be dismissed, that judgment be entered dismissing the action, that the Clerk of Court be directed to notify Petitioner about said dismissal, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the <u>12th</u> day of July, 2024.

/s/ Joe L. Webster
United States Magistrate Judge
